UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT SKACH,<br><br>Plaintiff,<br><br>v.<br><br>AIG PROPERTY CASUALTY COMPANY, AIG CLAIMS, INC., MICHAEL A. PINTAR, LP INSURANCE SERVICES, LLC, et al.,<br><br>Defendants. | Case No. 3:23-cv-00344-LRH-CSD<br><br>ORDER |

Before the Court is a motion to remand (ECF No. 27) filed by Plaintiff Robert Skach ("Skach").[1] Defendants AIG Property Casualty Company ("AIG Insurance"), AIG Claims, Inc. ("AIG Claims"), and Michael A. Pintar ("Pintar") (collectively, "Removing Defendants") filed a response in opposition to the motion to remand (ECF No. 34) and Skach filed a reply (ECF No. 41).[2] For the reasons articulated herein, the Court grants Skach's motion to remand. Also pending before the Court are four other motions. *See* ECF Nos. 25, 26, 39, 47. Because the Court grants Skach's motion to remand, the Court denies these four other motions as moot.

---

[1] Skach also filed a motion for leave (ECF No. 35), requesting that the Court consider additional information related to Skach's motion to remand. Removing Defendants filed a response in opposition to the motion for leave (ECF No. 44) and Skach filed a reply (ECF No. 50). The Court denies Skach's motion for leave. The information provided by Skach is not pertinent to the Court's determination to grant his motion to remand.

[2] Removing Defendants also filed a motion to strike Skach's reply, arguing that Skach presented a new argument—the forum defendant rule. ECF No. 43. Skach filed a response in opposition (ECF No. 45) and Removing Defendants filed a reply (ECF No. 48). The Court does not address Removing Defendants' motion to strike because the Court grants Skach's motion to remand based upon arguments separate from those at issue in the motion to strike, arguments which Skach presented in the motion to remand. Accordingly, because the Court does not rely upon the forum defendant rule, the Court denies Removing Defendants' motion to strike.

## I. BACKGROUND

This action arises from an insurance claim for underinsured motorist ("UIM") benefits by Skach. ECF No. 27 at 1. AIG Insurance provided the underlying UIM policy to Skach after he purchased it through Defendant LP Insurance Services, LLC ("LP"). *Id.* at 2. An incident leading to a UIM claim by Skach occurred in Alabama and involved an automobile-pedestrian collision. *Id.* at 1. Sometime after the incident, Skach received medical care, which the physician attributed to the incident. *Id.* According to Skach, the motorist who struck him had inadequate insurance to cover the costs of Skach's medical care, so he filed the UIM claim with AIG Insurance. *Id.* at 1, 2.

AIG Claims began processing Skach's UIM claim, eventually contracting with the law firm McCormick Barstow, LLP, for the services of an attorney, Pintar. *Id.* at 2. Skach alleges that delays and unfair practices occurred during the processing of his UIM claim. *Id.* Skach also alleges that, "[b]efore the subject injury," he requested that LP increase his limits under the UIM policy provided by AIG Insurance. *Id.* According to Skach, "LP failed to increase the UIM limit until months after the injury," despite agreeing to do so. *Id.* And when AIG Claims allegedly failed to timely investigate Skach's UIM claim, Skach argues that LP failed to "get AIG to investigate, stop delaying and resolve his claim for UIM benefits," despite promising to do so. *Id.*

On June 13, 2023, Skach filed a complaint against Removing Defendants and LP in the Second Judicial District Court of the State of Nevada. *Id.* at 3. Shortly thereafter, Skach filed a first amended complaint ("FAC") wherein he merely corrected the name of an already listed defendant. *Id.* On July 11, 2023, Removing Defendants filed a petition to remove the action on the basis of diversity jurisdiction. *Id.* LP did not participate in the petition to remove or consent to removal. *Id.* On August 9, 2023, Skach filed a motion to remand. ECF No. 27. The Court now addresses Skach's motion to remand.

## II. LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The statute applicable here, 28 U.S.C. § 1441(a),

authorizes a defendant to remove a civil action filed in state court to the appropriate federal district court if the federal court has original jurisdiction over the action. But removal of an action from state court to federal court may be challenged by motion, and the district court must remand the action back to state court if the federal court lacks original jurisdiction. *See generally id.* Federal courts construe removal statutes in favor of remanding a case to state court. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (internal citations omitted).

There are two forms of jurisdiction that federal courts recognize as bases for original jurisdiction over a civil action: (1) federal-question jurisdiction; and (2) diversity jurisdiction. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005) (explaining that federal district courts have original jurisdiction "either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331"). Federal courts have federal-question jurisdiction when a "civil action[] arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal courts have diversity jurisdiction when the parties are citizens of different states and "the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *Id.* § 1332(a).

### III.   DISCUSSION

Skach challenges removal on the basis that the Court lacks diversity jurisdiction, arguing that LP did not consent to removal as required under 28 U.S.C. § 1446(b)(2)(A). ECF No. 27 at 5. Under § 1446(b)(2)(A), "[w]hen a civil action is removed under [§] 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, Removing Defendants admit that LP did not join in or consent to the removal of this action. ECF No. 34 at 7. Nevertheless, Removing Defendants assert that LP's consent is not required for removal. *Id.* In an attempt to support this assertion, Removing Defendants present three arguments. *Id.* The Court addresses each argument in turn.

####    A.   LP is not a nominal party.

Removing Defendants first argue that LP's consent is not required for removal because LP is allegedly a nominal party. ECF No. 34 at 7. In *Hewitt v. City of Stanton*, the Ninth Circuit Court

3

of Appeals explained that an exception to the § 1446(b)(2)(A) consent requirement exists where the non-consenting party is a nominal party. 798 F.2d 1230, 1232 (9th Cir. 1986). Here, the Court concludes that LP is not a nominal party. In the FAC, Skach asserts ten causes of action with two of those causes of action being asserted against LP; Skach asserts the remaining causes of action against Removing Defendants or a combination thereof. ECF No. 27-1. Removing Defendants argue that Skach's causes of action against LP are "wholly unrelated to the [causes of action] against" Removing Defendants. ECF No. 47 at 6.

However, the causes of action Skach asserts against LP concern the same UIM policy and UIM claim at issue in the causes of action Skach asserts against Removing Defendants. ECF No. 51. Additionally, the FAC contains allegations that LP failed to disclose the entire nature of its relationship with AIG Insurance, which allegedly influenced LP's motivations to assist Skach with obtaining the UIM benefits Skach desired to receive. ECF No. 27-1 at ¶¶ 860–95. Finally, the causes of action against LP are based upon the same overall sequence of events as the causes of action against Removing Defendants. *See id.* at ¶¶ 1–668. Thus, Removing Defendants' first argument fails.

  **B.**  **Skach properly served LP before Removing Defendants filed the petition for removal.**

Removing Defendants also argue that LP's consent is not required for removal because Skach did not properly serve LP before Removing Defendants filed the petition to remove. ECF No. 34 at 7. Removing Defendants assert that the notice of removal was filed on July 11, 2023, but LP was not served until July 17, 2023. *Id.* at 8. However, based upon the record before the Court, Skach properly served LP on June 28, 2023. ECF No. 42-1 at ¶ 2. On August 30, 2023, Skach filed proof of service, attaching the affidavit of a private investigator. ECF No. 42. The private investigator testified that they served summons and a copy of the FAC upon LP's agent, lawfully designated by statute to accept service of process, in Carson City, Nevada, on June 28, 2023. ECF No. 42-1 at ¶ 2.

Initially, Skach filed proof of service on July 18, 2023, attaching an affidavit executed by the same private investigator who testified that they served summons and a copy of the FAC upon

1  Defendant LP's agent, lawfully designated by statute to accept service of process, in Reno on July
2  17, 2023. ECF Nos. 10, 10-4. Thus, Skach filed proof of service twice with each service occurring
3  on a separate date. But, as Skach argues, while "[i]t is not clear why the process server served LP
4  on June 28, 2023, and July 17, 2023, . . . the affidavit of service on LP shows the first service
5  occurred on June 28, 2023, the same date the other defendants were served." ECF No. 41 at 3, n.3.
6  Removing Defendants fail to demonstrate that the first service was not proper or that the second
7  service on July 18, 2023, controls for purposes of removal. Instead, Removing Defendants merely
8  point to evidence that LP was served properly on two occasions. Thus, because Skach properly
9  served LP on June 28, 2023, and Removing Defendants did not file the notice of removal until
10 July 11, 2023, Removing Defendants' second argument fails.

### C. Removing Defendants fail to demonstrate that LP was fraudulently joined.

Finally, Removing Defendants argue that LP's consent is not required for removal because LP was fraudulently joined.[3] ECF No. 34 at 7. A court may determine that the joinder of a resident defendant is fraudulent when it is obvious from the settled rules of the state that the plaintiff failed to state a cause of action against the resident defendant. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation omitted). There is a general presumption against a defendant's claim of fraudulent joinder, and it must be proven by clear and convincing evidence. *Id.* (internal citation omitted).

Removing Defendants fail to prove by clear and convincing evidence that Skach fraudulently joined LP. Removing Defendants do not argue that it is obvious from settled Nevada law that Skach failed to state a cause of action against LP. Instead, Removing Defendants express two concerns. ECF No. 1 at 3. First, Removing Defendants take issue with the Court's docket allegedly lacking proof of service of the FAC upon LP. *Id.* But, as previously stated, on August 30, 2023, Skach filed proof of service, attaching the affidavit of a private investigator. ECF No.

---

[3] Removing Defendants also argue that Pintar was fraudulently joined. ECF No. 34 at 8. Although whether to grant or deny Skach's motion to remand is premised upon whether LP consented to removal, the Court notes that Removing Defendants' argument concerning Pintar as a named party in this action is well received. *See Bouchard v. Nat'l Cas. Co.*, 2020 WL 5874315 at *2 (D. Nev. 2020) (explaining that, under Nevada law, the attorney-client relationship is distinguishable from a typical agent-principal relationship).

5

42. The private investigator testified that they served summons and the FAC upon LP on June 28, 2023. ECF No. 42-1 at ¶ 2. Because Removing Defendants fail to demonstrate that this service was not proper, this concern is unsupported.

Second, Removing Defendants take issue with LP allegedly not entering a notice of appearance or otherwise participating in this action. ECF No. 1 at 3. But, on December 18, 2023, counsel representing LP filed an initial appearance, and the Court recently granted LP's motion to substitute attorney. ECF Nos. 61, 62. Additionally, on September 27, 2023, Skach filed with the Court a copy of LP's answer to the FAC, which LP had filed the day before in the Second District Court of the State of Nevada. ECF No. 51-2. Finally, Skach has provided evidence that his counsel was in communication with LP's counsel regarding the reasoning as to LP's delay in filing an answer to the FAC, which the Court has no reason to doubt at this point. ECF No. 51 at 3, 4. Therefore, Removing Defendants' second concern is also unsupported.

Because Removing Defendants fail to prove by clear and convincing evidence that Skach fraudulently joined LP, Removing Defendants' third argument fails. Thus, in the context of Skach's motion to remand, the Court concludes that LP's consent is required for removal under § 1446(b)(2)(A). *See also Geographic Expeditions, Inc.*, 599 F.3d at 1107 (explaining that federal courts construe removal statutes in favor of remanding a case to state court). Consequently, the Court lacks diversity jurisdiction because LP did not consent to removal. Accordingly, removal is not authorized under § 1441(a) because the Court lacks original jurisdiction over this action. As such, the Court grants Skach's motion to remand.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that Skach's motion to remand (ECF No. 27) is **GRANTED**.

IT IS FURTHER ORDERED that Skach's motion for leave (ECF No. 35) and Removing Defendants' motion to strike Skach's reply to the motion to remand (ECF No. 43) are **DENIED**.

IT IS FURTHER ORDERED that Removing Defendants' motion to sever (ECF No. 47), motion to dismiss (ECF No. 25), and motion to strike the declaration of Curtis Coulter (ECF No. 39) are **DENIED as moot.**

IT IS FURTHER ORDERED that Pintar's motion to dismiss (ECF No. 26) is **DENIED as moot**.

The Clerk of the Court shall **REMAND** this action, 3:23-cv-00344-LRH-CSD, to the Second Judicial District for the State of Nevada.

IT IS SO ORDERED.

DATED this 22nd day of February, 2024.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE